IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PARRA CONSULTING GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | BID PROTEST |
| | ) | |
| v. | ) | No. 13-794 C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Pursuant to the Court's order dated November 18, 2013, defendant, the United States, respectfully submits this response in opposition to the motion for leave to supplement the administrative record filed by plaintiff, Parra Consulting Group, Inc. (Parra). As we explain below, the document that Parra proffers is only a partial transcription of a dynamic website. This document is divorced from its context, and therefore misleading. Rather than supplement the record with this document, we respectfully request that the Court take judicial notice of the entire website.

As Parra correctly notes, supplementation of the record is governed by a restrictive standard. The Court of Appeals for the Federal Circuit has explained in *Axiom Resource Management, Inc. v. United States* that, in a bid protest challenge such as this one, "'[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record *the agency presents to the reviewing court*.'" 564 F.3d 1374, 1379 (Fed. Cir. 2009) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985)) (emphasis in original). This stricture derives from the general rule that review of agency action under Administrative Protective Act standards "is to be based on the full administrative record that was before the [decision maker] at the time he made his decision." *Citizens to*

*Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971) (emphasis added). For this reason, Courts should guard against "using new evidence to 'convert the arbitrary and capricious standard into effectively *de novo* review.'" *Axiom*, 564 F.3d at 1380. Supplementation should be confined to "cases in which 'the omission of extra-record evidence precludes effective judicial review.'" *Id.* at 1379–80 (quoting *Murakami v. United States*, 46 Fed. Cl. 731, 735 (2000), *aff'd*, 398 F.3d 1342 (Fed. Cir. 2005)).

In its motion, Parra seeks to supplement the administrative record with a document purportedly showing some changes made by the last amendment to the solicitation at issue—Amendment 4. However, the full text of the solicitation and the amendment are already provided in the record. *See* Tabs 19–23, AR 535 to 629. The document that Parra seeks to introduce is nothing more than an ersatz transcription of a dynamic—and seemingly malfunctioning—feature of the FedBizOpps website where the agency posted its solicitation. *See* DOD Call Center, https://www.fbo.gov/?s=opportunity&mode=form&id=295edaf832e11a0230fe6e448bcbec97&tab=core&_cview=1 (last visited Nov. 17, 2013). Specifically, Parra appears to have merely copied-and-pasted the text of a pop-up that is generated when a user of the FedBizOpps website clicks on the inconspicuous "Track Changes" link above the actual solicitation text. *See id.*

Needless to say, Parra's document divorces the "Track Changes" feature from its context. Yet this context is critical, given that the contents of the "Track Changes" feature are directly contradicted by the actual operative text of the solicitation—text that is visible without clicking on any pop-ups or following any links. Absent this context, the Court would "not have a complete understanding of the issues before it and would be analyzing [Parra's] claims in a vacuum"—exactly what supplementation is designed to preclude. *Bannum, Inc. v. United States*, 89 Fed. Cl. 184, 189 (Fed. Cl. 2009).

To preserve this important context, we respectfully request that the Court deny Parra's motion to supplement the record with Parra's document and, instead, take judicial notice of the entire website where the solicitation was posted, complete with all its link and features.  *See* Fed. R. Evid. 201 (noting that judicial notice is proper with respect to facts that can be accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned). Indeed, it is not uncommon for Courts to take judicial notice of information contained on Internet websites.  *See, e.g.*, *Liu v. United States*, 93 Fed. Cl. 184, 192 n.7 (Fed. Cl. 2010) (taking judicial notice of information found on a Government website); *see also O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218 (10th Cir. 2007).  Taking judicial notice of the website's contents would permit the parties and the Court to properly address the role that the website's features played in this procurement.

For these reasons, we respectfully request that the Court deny Parra's motion to supplement the administrative record and to instead take judicial notice of the FedBizOpps website where the solicitation is posted.

        Respectfully submitted,

        TONY WEST
        Assistant Attorney General

        BRYANT G. SNEE
        Acting Director

         s/ Kirk T. Mandhardt
        KIRK T. MANHARDT
        Assistant Director

| | |
|---|---|
| OF COUNSEL: | s/ Alexander V. Sverdlov |
| | ALEXANDER V. SVERDLOV |
| STEPHAN PIEL | Trial Attorney |
| LISA MARIE GOLDEN | Commercial Litigation Branch |
| Assistant General Counsel | Civil Division |
| Washington Headquarters Services & | U.S. Department of Justice |
|   Pentagon Force Protection Agency | PO Box 480 |
| Office of General Counsel | Ben Franklin Station |
| Department of Defense | Washington, DC 20044 |
| | Tele: (202) 307-5928 |
| | Facs: (202) 514-8624 |
| November 18, 2013 | Attorneys for Defendant |